IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MADELINE YOUNG, )
) Civil Action
      Plaintiff ) No. 09-cv-03460
)
   vs. )
)
ST. LUKE'S HOSPITAL, )
)
      Defendant )

\*   \*   \*

APPEARANCES:

    DONALD P. RUSSO, ESQUIRE
        On behalf of Plaintiff

    DAVID M. STECKEL, ESQUIRE
        On behalf of Defendant

\*   \*   \*

## O P I N I O N

JAMES KNOLL GARDNER,
United States District Judge

    This matter is before the court on the motions of defendant to dismiss plaintiff's first Amended Complaint[1] and plaintiff's motion for permission to file a Second Amended Complaint[2]. For the reasons expressed below, I grant plaintiff's

---

[1] The Motion of Defendant, St. Luke's Hospital, to Dismiss the Amended Complaint, or in the Alternative, for Summary Judgment was filed together with a memorandum of law in support on August 6, 2009 (Documents 3 and 3-1). The Motion of Defendant, St. Luke's Hospital, to Deem as Uncontested its Motion to Dismiss the Amended Complaint, or in the Alternative, for Summary Judgment was filed together with a memorandum of law in support on August 25, 2009 (Document 8).

[2] Plaintiff's Motion to Amend Complaint was filed together with a proposed Second Amended Complaint on August 31, 2009 (Document 9). Defendant's Response to Plaintiff's Motion to Amend Complaint was filed together with a brief in opposition ("Defendant's Brief") on September 10, 2009 (Document 13).

motion to amend and dismiss defendant's motions to dismiss as moot.

## [First] Amended Complaint

On August 5, 2009, plaintiff Madeline Young filed a first Amended Complaint (Document 2) against her employer, defendant St. Luke's Hospital. In Count I of the first Amended Complaint, plaintiff alleged a disparate treatment violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA"). In Count II, plaintiff alleged a disparate impact violation of the ADEA. Count III alleged a violation of the Pennyslvania Human Relations Act, Act of October 27, 1955, P.L. 744, No. 222, §§ 1-13, 43 P.S. §§ 951-963 ("PHRA").

In her first Amended Complaint, plaintiff alleged that she was employed as a Cleaning Aide at St. Luke's Hospital in Bethlehem, Northampton County, Pennsylvania.[3] She contends that she was qualified for the position and received positive reviews of her job performance.

Plaintiff avers that on March 16, 2007 she was punched in the face twice by a co-worker, Karen Boken. Plaintiff, allegedly acting in self-defense, hit Ms. Boken back. Plaintiff alleges that she was unfairly forced to resign and was never

---

[3] Paragraph 2 of plaintiff's First Amended Complaint and Second Amended Complaint each state: "2. Defendant is St. Luke's Hospital, with offices located at 801 Ostrum Street, Bethlehem, Northampton County, Pennsylvania 18015." Actually, this hospital site is located in that portion of Bethlehem which is in Lehigh County, Pennsylvania.

given an opportunity to provide her version of what happened to her regarding Ms. Boken.

Plaintiff asserts that she was rehired by defendant approximately two weeks after the fight, but was demoted to a lower employment position.

Plaintiff claims that defendant was aware of Ms. Boken's history of mental instability and continued harassment towards plaintiff, and of the hostile environment created by Ms. Boken, but took no action against Ms. Boken or corrective measures to remedy Ms. Boken's behavior.

Plaintiff further alleges that her immediate supervisor Jeffrey Smith made several age biased comments to plaintiff such as, "hey old lady" and "hey grandma, when are you retiring?"

Finally, plaintiff avers that defendant discriminated against her by forcing her to resign and demoting her to a lower position upon her rehiring. Plaintiff contends that defendant has shown a pattern of discriminatory behavior by eliminating the employment positions of older workers and keeping younger workers employed and by disciplining older workers more severely than younger workers.

<u>Second Amended Complaint</u>

On August 31, 2009, plaintiff filed Plaintiff's Motion to Amend Complaint together with a proposed Second Amended

Complaint. Plaintiff's Second Amended Complaint is identical to her first Amended Complaint, except as follows.

Plaintiff's Second Amended Complaint adds introductory paragraphs alleging that plaintiff has suffered an adverse job action[4] and that plaintiff filed charges with the United States Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission[5].

The Second Amended Complaint also deletes plaintiff's ADEA disparate impact claim (former Count II) and renumbers plaintiff's PHRA count (former Count III) as Count II. Finally, the Second Amended Complaint adds an averment to the PHRA claim clarifying that plaintiff's Pennsylvania Human Relations Act claim is based upon age discrimination.[6]

## Amendment of Pleadings

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave" to amend a pleading "when justice so requires." See, e.g., Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226 (1962); Toll Brothers,

---

[4] A new paragraph 20 in the Second Amended Complaint states: "20. The job the Plaintiff now holds is of inferior position to her prior position with the Defendant and it pays here [sic.] substantially less than her prior position."

A new paragraph 21 in the Second Amended Complaint states: "21. The Plaintiff has suffered an adverse job action as a result of the Defendant's [d]iscriminatory actions, as described hereinabove."

[5] Second Amended Complaint at paragraphs 26-29.

[6] Second Amended Complaint at pargaraph 39.

Inc. v. Township of Readington, 555 F.3d 131, 144 n.10 (3d Cir. 2009). Motions to amend pleadings should be liberally granted. Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004); see Arthur v. Maersk, Inc., 434 F.3d 196, 202, 206 (3d Cir. 2006); Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989). "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." Arthur, 434 F.3d at 204; see Foman, 371 U.S. at 182, 83 S.Ct. at 230, 9 L.Ed.2d at 226; Long, 393 F.3d at 400.

Factors to be considered in ruling on a motion to amend a pleading include: (1) undue prejudice to the opposing party; (2) the movant's bad faith or dilatory motives; (3) undue delay; (4) repeated failures to cure deficiencies by amendments previously allowed; and (5) futility of amendment. See Foman, 371 U.S. at 182, 83 S.Ct. at 230, 9 L.Ed.2d at 226; Bechtel, 886 F.2d at 652; Cornell and Company, Inc. v. Occupational Safety and Health Review Commission, 573 F.2d 820, 823 (3d Cir. 1978).

Defendant argues that I should deny plaintiff leave to file her Second Amended Complaint because doing so would prejudice defendant and be futile. For the following reasons, I reject defendant's arguments and grant Plaintiff's Motion to Amend Complaint.

### Prejudice

"[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." Arthur, 434 F.3d at 204; Lorenz

v. CSX Corporation, 1 F.3d 1406, 1414 (3d Cir. 1993); Bechtel, 886 F.2d at 652. "In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." Lorenz, 1 F.3d at 1414; see Long, 393 F.3d at 400; Bechtel, 886 F.2d at 652-653.

Prejudice focuses on the hardship to the defendant that would result if the amendment were permitted. Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001); Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984). Merely claiming prejudice is insufficient. The party opposing amendment must show that it "was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the...amendments been timely." Arthur, 434 F.3d at 206; Dole v. ARCO Chemical Company, 921 F.2d 484, 488 (3d Cir. 1990); Bechtel, 886 F.2d at 652.

Thus, to determine whether prejudice exists, the court should consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." Cureton, 252 F.3d at 273 (emphasis added); cf. Cornell and Company, Inc., 573 F.2d at 824-826.

Plaintiff's Second Amended Complaint adds paragraphs alleging that plaintiff has suffered an adverse job action and

that plaintiff filed charges with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.[7] It also deletes plaintiff's Age Discrimination in Employment Act disparate impact claim.

These changes do not add any new causes of action to the complaint. Two of the three causes of action included in the first Amended Complaint remain in the Second Amended Complaint (disparate treatment under the ADEA and a PHRA claim), and the third cause of action (disparate impact under the ADEA) has been omitted from the Second Amended Complaint.

These changes do not present new facts or legal theories which would prejudice the defendant by requiring it to engage in additional discovery and preparation to defend against them. In the memorandum of law in support of defendant's initial motion to dismiss the first Amended Complaint[8], defendant argues that plaintiff failed to allege an adverse employment action.[9] Plaintiff responded to the argument by adding an averment in paragraph 21 of the Second Amended Complaint that the plaintiff suffered an adverse job action as a result of defendant's discriminatory actions (as described in both the first and Second

---

[7] Second Amended Complaint at paragraphs 20-21 and 26-29.

[8] The Motion of Defendant, St. Luke's Hospital, to Dismiss the Amended Complaint, or in the Alternative, for Summary Judgment was filed on August 6, 2009 (Document 3). Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss the Amended Complaint, or in the Alternative, for Summary Judgment was also filed on August 6, 2009 (Document 3-1).

[9] Defendant's Brief at pages 9-13.

Amended Complaints).[10] This averment added neither new facts, nor a new cause of action to plaintiff's Second Amended Complaint.

An adverse employment or job action is an element[11] of plaintiff's previously pled cause of action for a disparate treatment violation of the ADEA (Count I in both Amended Complaints). It is not a new, or separate, cause of action.

Similarly in the Second Amended Complaint, plaintiff clarified that her Pennsylvania Human Relations Act claim is based upon age discrimination.[12] Neither did this averment add new facts or a new cause of action.

As noted above in the sections summarizing plaintiff's first and Second Amended Complaints, both Amended Complaints averred that plaintiff's immediate supervisor made several age biased comments to plaintiff, and that defendant exhibited discriminatory behavior by eliminating the employment positions of older workers and keeping younger workers employed, and by disciplining older workers more severely than younger workers.

---

[10] See footnote 4, above.

[11] To state a claim for a violation of the Age Discrimination in Employment Act based upon a disparate treatment theory, a plaintiff must allege that she: (1) was a member of a protected class, i.e., that she was over forty years old; (2) was qualified for the position; (3) suffered from an adverse employment action; and (4) was replaced by someone sufficiently younger to permit a reasonable inference of age discrimination. Wooler v. Citizens Bank, 274 Fed.Appx. 177, 179-180 (3d Cir. 2008); Hill v. Borough of Kutztown, 455 F.3d 225, 247 (3d Cir. 2006).

[12] Second Amended Complaint at paragraph 39.

The Second Amended Complaint did not add new allegations of age discrimination. It merely clarified that plaintiff's PHRA Count in both Amended Complaints is based upon these allegations of age discrimination which are included in the preliminary background portions of both Amended Complaints.

In other words, the evidence required to meet the new allegations in the Second Amended Complaint is substantially similar to the evidence required to meet the pervious allegations in the first Amended Complaint. See <u>Dole</u>, 921 F.2d at 488. And rather than <u>adding</u> new theories of recovery, the Second Amended Complaint <u>omits</u> a claim that appeared in the prior complaint (disparate impact under the ADEA).

Defendant contends it would be prejudiced if I grant plaintiff leave to file her Second Amended Complaint because defendant would have to "expend time and financial resources repeatedly defending frivolous claims."[13] This is not what is meant by prejudice in this context. Under defendant's view of prejudice, <u>any</u> amendment to a defective complaint would be barred because the defendant would be forced to spend time and money defending the action. See <u>Calzaturificio Rangoni, S.A. v. United States Shoe Corporation</u>, 1993 U.S.Dist. LEXIS 16610, *5 (S.D.N.Y. November 23, 1993).

---

[13] Defendant's Response to Plaintiff's Motion to Amend Complaint at paragraph 6; Defendant's Brief at page 10.

Moreover, I note that this case is in its infancy. The pleadings are not closed; no discovery has been conducted; and a trial date has not been established. The decision of the United States Court of Appeals for the Third Circuit in Bechtel, supra, is instructive on this point, if not controlling. The Bechtel court found that granting leave to file plaintiffs' second amended complaint would not prejudice the defendants "since neither [defendant] will be deprived of the chance to present facts or evidence since this case is still in the initial stages of discovery." Bechtel, 886 F.2d at 652. The within case is not as far along as Bechtel was. Accordingly, I find that granting plaintiff leave to file her Second Amended Complaint would not cause defendant undue prejudice.

### Futility

Defendant also argues that filing the Second Amended Complaint is futile because it is time-barred and fails to plead an actionable adverse employment action.[14] "[L]eave to amend need not be granted when amending the complaint would clearly be futile." Cowell v. Palmer Township, 263 F.3d 286, 296 (3d Cir. 2001) (emphasis added).

"'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Holst v. Oxman, 290 Fed.Appx. 508, 510 (3d Cir. 2008); Shane v. Fauver,

---

[14] Defendant's Brief at pages 8-9.

213 F.3d 113, 115 (3d Cir. 2000) (Alito, J.). To assess futility, the court applies the same standard of legal sufficiency that applies under Federal Rule of Civil Procedure 12(b)(6). Holst, 290 Fed.Appx. at 510; Shane, 213 F.3d at 115. Parties opposing amendment face a "heavy burden" in establishing futility. E.g., Surety Administrators, Inc. v. Samara, 2006 U.S.Dist. LEXIS 16791, *30 (E.D.Pa. April 6, 2006) (Stengel, J.); Air Products and Chemicals, Inc. v. Eaton Metal Products Co., 256 F.Supp.2d 329, 332-333 (E.D.Pa. 2003) (Van Antwerpen, J.).

In support of its contention that this action is time-barred, defendant argues only that plaintiff's charge with the Equal Employment Opportunity Commission was filed more than 300 days after her alleged forced resignation and demotion.[15] Defendant cites a single, unreported district court opinion in support of its argument, and does not explain how, or why, plaintiff's claims are time-barred.

Further, the Second Amended Complaint alleges that defendant gave plaintiff a new position on October 14, 2007, and that defendant gave another employee plaintiff's former position on October 31, 2007.[16] Both of these events occurred within 300

---

[15] Defendant's Brief at pages 8-9.

[16] Second Amended Complaint at paragraphs 13-14.

days of plaintiff's April 8, 2008 Equal Employment Opportunity Commission filing.[17]

In contending that plaintiff failed to plead an actionable adverse employment action, defendant argues that plaintiff's assertion that she is paid substantially less in her new position is false.[18] Defendant's argument is not cognizable under the relevant standard of review, under which I must accept as true all well-pled factual allegations and draw all reasonable inferences therefrom in the light most favorable to the plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

Accordingly, I cannot conclude that granting plaintiff leave to file her Second Amended Complaint would be clearly futile. However, my conclusion merely speaks to the appropriateness of allowing plaintiff to amend the complaint and does not purport to predict the outcome of either a motion to dismiss or a motion for summary judgment. United States v. Amtrak, 2004 U.S.Dist. LEXIS 10867, *20 (E.D.Pa. June 15, 2004) (R.F. Kelly, S.J.); Liberty Fish Company v. The Home Indemnity Company, 1990 U.S.Dist. LEXIS 7334, *11 n.6 (E.D.Pa. June 13, 1990) (Pollak, J.).

---

[17] Second Amended Complaint at paragraph 26.

[18] Defendant's Brief at page 9.

Adequacy of Briefs

Plaintiff did not file a brief in support of her motion to amend the complaint. However, in her motion she cited United States Supreme Court and Third Circuit decisions for a few general propositions of law concerning amendment of complaints.[19] In light of the policy of liberally granting leave to amend pleadings, I have exercised my discretion to evaluate plaintiff's motion on the merits.

Although defendant satisfactorily briefed the general standards governing motions to amend pleadings, defendant's briefing as to how these standards apply to this case is insufficient.[20] Defendant fails to explain how and why granting leave to file the Second Amended Complaint would be prejudicial or futile.

With regard to prejudice, defendant argues only that granting leave would cause it to "expend time and financial resources repeatedly defending frivolous claims," without any explanation as to how this alleged harm constitutes cognizable prejudice.[21] With regard to futility, defendant cites a single,

---

[19] Plaintiff's Motion to Amend Complaint at paragraphs 4, 5, and 6.

[20] Compare Defendant's Brief at pages 5-7 with pages 8-10.

[21] Defendant's Brief at page 10.

unreported district court opinion, and fails to explain why plaintiff's action is time-barred.[22]

Rule 7.1(c) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania requires briefs in opposition to contain "[f]ully developed legal argument, citation to legal authority, and discussion of the relevant facts." Anthony v. Small Tube Manufacturing Corporation, 535 F.Supp.2d 506, 511 n.8 (E.D.Pa. 2007) (Gardner, J.); Copenhaver v. Borough of Bernville, 2003 U.S.Dist. LEXIS 1315, *4 n.1 (E.D.Pa. January 9, 2003) (Rufe, J.). "[Z]eal and advocacy is never an appropriate substitute for case law and statutory authority in dealings with the Court." Anthony, 535 F.Supp.2d at 511 n.8; Marcavage v. Board of Trustees of Temple University, 2002 U.S.Dist. LEXIS 19397, *10 n.8 (E.D.Pa. September 30, 2002) (Tucker, J.).

Parties who fail to adequately brief their opposition to motions do so at the risk of having those motions granted as uncontested. See, e.g., Saxton v. Central Pennsylvania Teamsters Pension Fund, 2003 U.S.Dist. LEXIS 23983, *84-85 (E.D.Pa. December 9, 2003) (Van Antwerpen, J.); Toth v. Bristol Township, 215 F.Supp.2d 595, 598 (E.D.Pa. 2002) (Joyner, J.); Smith v. National Flood Insurance Program, 156 F.Supp.2d 520, 522 (E.D.Pa.

---

[22] Defendant's Brief at page 9.

2001) (Robreno, J.). Accordingly, I grant Plaintiff's Motion to Amend Complaint as unopposed because of defendant's failure to adequately brief its response in opposition.

Finally, plaintiff's first Amended Complaint was filed less than a week after this case was removed to federal court, apparently to assuage defendant's concerns that plaintiff's counsel did not personally sign the original state-court Complaint.[23] This provides additional support for granting plaintiff leave to amend her complaint for a second time. It would be particularly inappropriate to deny leave where, as here, but for filing an amended complaint to address concerns raised by the defendant, plaintiff would have been able to amend her complaint as of right pursuant to Federal Rule of Civil Procedure 15(a)(1).

## Motions to Dismiss

It is well-settled that an amended complaint supersedes the original complaint and renders it of no legal effect. See, e.g., Pacific Bell Telephone Company v. Linkline Communications, Inc., ___ U.S. ___, 129 S.Ct. 1109, 1123 n.4, 172 L.Ed.2d 836, 850 n.4 (2009); Snyder v. Pascack Valley Hospital, 303 F.3d 271, 276 (3d Cir. 2002); Holley v. Schreibeck, 758 F.Supp. 283, 284 (E.D.Pa. 1991) (Van Antwerpen, J.). Thus, filing an amended

---

[23] See Exhibit C to the Motion of Defendant, St. Luke's Hospital, to Disqualify Plaintiff's Counsel from this Case, which motion was filed August 14, 2009; Defendant's Brief at pages 1-2 and 8.

complaint renders moot a motion to dismiss the original complaint.  See, e.g., Merritt v. Fogel, 349 Fed.Appx. 742, 745 (3d Cir. 2009); Pippett v. Waterford Development, LLC, 166 F.Supp.2d 233, 236 (E.D.Pa. 2001) (Shaprio, S.J.).

      Defendant's within motions to dismiss concern plaintiff's first Amended Complaint filed August 5, 2009.  I now grant Plaintiff's Motion to Amend Complaint and give her leave to file the Second Amended Complaint.  The operative complaint in this action will be the Second Amended Complaint, thus rendering moot both of defendant's within motions to dismiss the first Amended Complaint.

## Conclusion

      For all the foregoing reasons I have granted Plaintiff's Motion to Amend Complaint; given plaintiff until April 16, 2010 to file her Second Amended Complaint in the format of her proposed Second Amended Complaint, signed by counsel of record; and dismissed defendant's two motions to dismiss as moot.